## ISOM WILLIAMS v. STATE.

No. A-2527.    Opinion Filed January 17, 1918.

(169 Pac. 655.)

1.    **EVIDENCE—Other Offenses—Course of Conduct.** In a prosecution for incest committed with the defendant's daughter, evidence of previous acts of intercourse upon which the prosecution was barred by limitation is admissible as showing a habitual course of conduct.

2.    **PARTIES TO OFFENSES—"Accomplice"—Corroboration.** In such a prosecution, where it appears that the daughter was over the age of consent, and that she knowingly, voluntarily, and with the same intent which actuated the defendant united with him in the commission of the offense, she is an "accomplice," and her uncorroborated testimony is insufficient to sustain a conviction.

3.    **EVIDENCE—Accomplice Testimony—Sufficiency of Corroboration.** In this case the evidence examined, and **held,** that the testimony of the accomplice was sufficiently corroborated by other evidence to justify the verdict.

*Appeal from District Court, Choctaw County;*
*C. E. Dudley, Judge.*

Isom Williams was convicted of incest, and he appeals.
Affirmed.

*George Richardson, J. H. Warren,* and *John Cocke,*
for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst.
Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error was convicted in
the district court of Choctaw county under an indictment
charging that in said county, on the 14th day of December,
1912, Isom Williams did commit the crime of incest by
having sexual intercourse with his daughter, Fannie Wil-
liams; his punishment being assessed at four years' im-
prisonment in the penitentiary. From the judgment ren-
dered in pursuance of the verdict he appeals.

The only question worthy of notice which the record
presents is the sufficiency of the evidence to support the
verdict.   It is contended by counsel for plaintiff in error
that the testimony of the prosecuting witness is not suf-
ficiently corroborated to sustain the conviction.

The evidence shows that the defendant is a full-blood
Choctaw Indian, and that his wife, the mother of prosecut-
ing witness, was a white woman.

The prosecuting witness testified that the defendant,
Isom Williams, was her father; that her age was 29
years; that her mother died in 1902, and her father did
not marry again; that he had sexual intercourse with her
as alleged, and was the father of her two children; that
her first child was born in December, 1912, and her sec-
ond child was born in September, 1914; that her father's

illicit intercourse with her occurred so often that she could not state the number of times; that she married Gus Barr, a white man, in October, 1914.

Alma Williams testified that she was the daughter of the defendant and a half-sister of the prosecuting witness; that she lived with her father and sister Fannie until August, 1913; that her father would come to the room where she and her sister Fannie slept, and would wake Fannie, and she would go to his room with him and stay, sometimes half an hour, and sometimes not so long.

Mrs. M. C. Collins testified that she was present at the home of the defendant, Isom Williams, when Fannie Williams' baby was born; that the defendant was there and she asked Fannie who its father was, and she said, "It is Papa's, and what is more, he has been making me do that, why, ever since I was 16 years old."

By consent of the parties the children of the prosecuting witness were brought into court and exhibited to the jury.

The defendant as a witness in his own behalf testified that he was a full-blood Choctaw Indian. He denied ever having had improper relations of any kind at any time with his daughter Fannie, and said that she always told him that Gus Barr was the father of her children.

Several character witnesses testified that they knew the general reputation of Isom Williams in the community in which he had lived as to being a moral, upright man and law-abiding citizen, and that it was good.

A part of the defense was that the prosecuting witness and her husband and her half-sister and half-brother conspired  to prosecute the defendant for the purpose of

sending him to the penitentiary and securing his property.

We are of the opinion that the testimony of the prosecuting witness was sufficiently corroborated by the other evidence in the case to warrant the verdict of the jury, and, the jury being the exclusive judges of the weight of the evidence and the credibility of the witnesses, we would not feel justified in setting aside their verdict.

The court instructed the jury that upon the evidence the prosecuting witness was an "accomplice," and that under the law no person could be convicted upon the testimony of an accomplice, unless there was other evidence in the case tending to connect the defendant with the commission of the crime charged against him, "and that the corroborating evidence, if there be such, is insufficient if it merely shows that some one had unlawful sexual intercourse with the prosecuting witness." The instruction objected to fully and fairly submitted the law applicable to accomplice testimony. This was the only instruction to which an exception was taken. It appears that the case was fairly submitted to the jury in a clear, concise, and fully adequate charge.

Upon a careful consideration of the whole case, we are unable to say that the court below committed any error which would justify a reversal of the judgment. It is therefore affirmed.

MATSON, J., concurs. ARMSTRONG, J., not participating.