## W. A. PRUETT v. STATE.

No. A-6143. Opinion Filed Dec. 4, 1926.

(250 Pac. 1029.)

F. R. Burns and E. G. Avery, for plaintiff in error.

George F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

DOYLE, J. In the information in this case, filed in the district court of Ottawa county, July 30, 1925, W. A. Pruett was charged with the crime of incest, alleged to have been committed with Stella Pruett, his daughter, in said county, on or about the 27th day of April, 1925. A trial was had thereunder September 23, 1925. This verdict was guilty as charged, leaving the punishment to be fixed by the court. A motion for new trial was duly filed, also an amended motion, which motions were overruled. The court then rendered judgment and sentenced

the defendant to be confined in the state penitentiary for a term of eight years. From the judgment and sentence he appeals to this court.

The errors assigned are based on the admission and exclusion of certain evidence, and it is contended that there was no testimony which tended to corroborate the prosecutrix. Upon the trial, she testified that her age was 18 years; that on Monday, April 27, 1925, she left Zincville with her father and went to Cardin, where he rented rooms in Keener's rooming house, and that night they had sexual intercourse in her room; that that was only one of many other such acts by the defendant; that at first he accomplished such acts by force; that on one occasion she was at the home of Mary Pruett, her aunt, and there engaged in sexual intercourse with her father, and a minute or two later her aunt came into the room.

Mary Pruett testified that her husband is a brother of the defendant; that their home is in Hockerville; that Christmas week, 1924, the defendant and his daughter Stella visited at her home a few days; one day her husband went to work and she with her little girl visited her mother's that forenoon; that on returning to her home about 11 o'clock she looked into her bedroom and saw the defendant standing by the side of the bed, and he walked to the window; that his daughter Stella jumped up and was fixing her clothing around her waist as she ran into the kitchen.

At the close of the evidence for the state, the defendant moved for a directed verdict in the form of a demurrer to the evidence, which was overruled.

The defendant testified that he married in 1904 at Farmington, Mo., and three daughters were born to this marriage, one older and one younger than the complaining witness; that during the year 1916 he went to Illinois,

and while he was gone his wife ran away with another man, leaving the children with other families; that when he returned he gathered up the children and they lived in several towns in Missouri, and the oldest girl married; that he lived at Zincville about three years and on Monday, April 27th, he went to Cardin with his daughter Stella and rented three rooms; that they occupied the rooms five days; that she left him Saturday; that night he went to Joplin, returning to Zincville Sunday, and that evening was arrested on this charge; that he had had trouble with his daughter Stella while at Zincville because he objected to her going with a married man. He denied ever having illicit relations at any time with his daughter Stella; that when they visited his brother at Hockerville there were no improper relations; that he remembers that his sister-in-law came into a room there when he was helping his daughter to fasten her brassiere in the back with some lace; that he went with his daughter and Jess Payne to a show the first night they were in Cardin, and when they returned to their rooms his daughter went down stairs with Jess Payne and was gone for about a half hour; that when she returned she told him that she was going to marry Jess Payne; that on Friday they had trouble because he objected to her going to stay with Ossie Kitten, who is a half sister to Jess Payne; that in February, 1925, they got into a little trouble, and she tried to drink some wood alcohol that he had there to light the stove and a crowd gathered around there, and he asked Mr. Nichols, deputy sheriff, to take charge of her.

On predicate laid on cross-examination of prosecutrix, Mrs. R. E. Nichols testified that in the early part of the year 1925 she had a conversation with the prosecutrix in the presence of the defendant, wherein the prosecutrix stated that the reports that she had put out about her father having improper relations with her were untrue.

On cross-examination, she stated that later the prosecutrix told her that it was true.

R. E. Nichols testified that, when the defendant was having some trouble with her daughter, he brought her to his house, and at that time the prosecutrix stated that the reports that she had put out about her faher having improper relations with her were not true. On cross-examination, he stated that later on several occasions she stated to him that the charges she brought against her father were true, and that their improper relations had been going on for about three years.

It is contended that the court erred in admitting evidence of acts of intercourse previous to the one charged in the information. It is well settled in this state that the general rule that proof of other offenses is inadmissible, unless a part of the res gestae, does not apply to offenses involving sexual intercourse; but evidence of other acts is admissible to show the relation and familiarity of the parties and tending to corroborate the testimony of the prosecutrix as to the particular act relied on for conviction. Morris v. State, 9 Okla. Cr. 241, 131 P. 731.

In Ellsworth v. State, 10 Okla. Cr. 452, 137 P. 1189, it is held that:

"In a prosecution for incest, evidence tending to establish acts of incest at times other than and prior to that relied on for the conviction is admissible as indicating continuousness of the illict relation and as tending to corroborate the testimony of the prosecutrix as to the particular act relied on for conviction."

In Williams v. State, 14 Okla. Cr. 195, 169 P. 655, it is held:

"In a prosecution for incest committed with the defendant's daughter, evidence of previous acts of intercourse upon which the prosecution was barred by limita-

tion is admissible as showing a habitual course of conduct."

The following is the rule stated in 22 Cyc. p. 53:

"When incest is charged, prior acts of sexual intercourse between the same parties or previous familiarities not amounting to actual intercourse are admissible, not as affording proof of a substantial offense in themselves, but as corroborating other evidence of the act charged and as tending to show the relations existing between the parties as bearing upon the probability of the commission of the crime charged."

In a case of this character, where the prosecutrix was over the age of consent, such evidence proves a greater probability of the commission of the act charged by showing the woman's willingness to yield to the man's embraces, thus removing a chief obstacle to such intercourse, and furnishing a better opportunity, greater temptation or motive for the indulgence of his passion. Especially is such evidence proper when the act charged, without evidence of the previous facts which led to or brought it about, would appear unnatural or improbable in itself, without reference to the preceding facts, and which, if proved, would render it more natural and probable; and it is competent to prove by such accomplice, as by any other witness, any previous familiarities or intercourse between them, which tend to throw light upon the act in question, and explain and render more natural and probable that which without such explanation would appear unnatural and improbable.

In this case, the jury were properly instructed that such evidence is to be considered only as corroborating other evidence of the commission of the crime charged.

It is also contended that the court erred in refusing to allow the defendant to introduce evidence of certain alleged improper relations between the prosecutrix and one Jess Payne.

It is impossible to determine from the record what evidence was intended to be introduced, because no offer or statement was made as to what the proposed testimony would be. In order to reserve an available objection to the exclusion of evidence, a proper question must be asked, and on objection thereto an offer must be made at the time showing what evidence would be given if the witness is permitted to answer. Error cannot be predicated upon a ruling excluding testimony, where the testimony desired is not shown in the record, nor a statement made as to what the proposed testimony would be. Warren v. State, 6 Okla. Cr. 1, 115 P. 812, 34 L. R. A. (N. S.) 1121; Winfield v. State, 18 Okla. Cr. 257, 191 P. 609; Cheeves v. State, 18 Okla. Cr. 480, 196 P. 726.

Under the assignment that the verdict is not sustained by sufficient evidence, it is urged that the prosecutrix was an accomplice, and that her testimony was not sufficiently corroborated to justify a conviction.

It is well settled that the female cannot be an acccomplice to the crime of incest, unless she consents to the act and is in fact guilty of it herself. However, if from infancy or any other cause she is unable to consent, she is not an accomplice. As the prosecutrix in this case was over the age of consent, and it not appearing that the act was accomplished by force overcoming resistance or by threats, she was an accomplice, and the court so instructed the jury. Whether there was any corroborating testimony was a question of law for the court.

There was, we think, sufficient corroboration to justify the submission of the case to the jury. It follows that the defendant's motion for a directed verdict was properly overruled.

The court submitted the question of the sufficiency

of the corroborating evidence to the jury under proper instructions. Complaint is made that the court did not require the state to elect upon one particular act of intercourse and rely upon that for conviction. The court instructed the jury as follows:

"If you find and believe from all of the evidence in the case, beyond a reasonable doubt, that the defendant, W. A. Pruett, did, as alleged in the information, in the county of Ottawa and state of Oklahoma, on or about the 27th day of April, 1925, willfully, unlawfully and feloniously and incestuously have sexual intercourse with one Stella Pruett, the daughter of the said W. A. Pruett, defendant herein, then you should find the defendant guilty of the charge laid against him in the information. If you do not so find and believe, or if you have a reasonable doubt thereof, then you should acquit the defendant."

This, in connection with other instructions given, limited the jury to the consideration of this one particular act.

We have read the record with care, and examined the court's instructions, to which no objection was made, to make sure that the defendant had a fair trial. So far as the record discloses, he did, and, while other alleged errors are argued, by counsel for the defendant, we reach the conclusion, that no reversible error is shown.

Finally it is agued on behalf of the defendant that the penalty imposed by the court is excessive and should be reduced by this court. The punishment imposed was imprisonment in the penitentiary for the term of eight years. In view of certain disclosures in the record we are persuaded that the punishment imposed is excessive, and that this is a case where substantial justice requires that the "judgment should be tempered with mercy."

The sentence pronounced by the court below will therefore be modified, and the term of imprisonment fixed at five years, as thus modified, the judgment appealed from will be, and is, affirmed, and the clerk of this court is directed to furnish the warden of the penitentiary at McAlester with a certified copy of this opinion.

BESSEY, P. J., and EDWARDS, J., concur.