## MATTHEW WEEDEN v. STATE.

No. A-9886.   Dec. 10, 1941.
(120 P. 2d 379.)

Fred W. Martin, of Wagoner, for defendant.

Mac Q. Williamson, Atty. Gen., and E. J. Broaddus, Co. Atty., of Wagoner, for the State.

BAREFOOT, P. J.   Defendant, Matthew Weeden, was charged with the crime of rape in the first degree in Wagoner county, was tried, convicted, and his punishment assessed at 99 years in the penitentiary, and he has appealed.

Counsel for defendant were appointed by the court to represent defendant. They tried his case and have appealed the same to this court and have orally argued the same. They have faithfully discharged their duties as attorneys and officers of the court. The case has not been briefed either by the defendant or the state for the reason that the only question raised is as to the sufficiency

of the evidence to sustain the verdict. The punishment was assessed by the jury.

The record reveals that defendant was charged with the crime of rape in the first degree against his twelve-year old daughter, Edna May Weeden. It is alleged in the information:

"The said Matthew Weeden, then and there being a male person over eighteen years of age, and about 43 years of age, did, then and there, willfully, wrongfully, unlawfully and feloniously, against the will of Edna May Weeden, rape, ravish and carnally know, and have sexual intercourse with, said Edna May Weeden, she, the said Edna May Weeden, then and there being a female person under the age of 14 years, and the age of 12 years, and not the wife of said Matthew Weeden, and being the daughter of said Matthew Weeden."

It was charged that the act occurred on May 25, 1939. The statute upon which this charge was based is Oklahoma Statutes 1931, section 2518, O. S. A. Title 21, § 114, which is as follows:

"Rape committed by a male over eighteen years of age upon a female under the age of fourteen years, or incapable through lunacy or unsoundness of mind of giving legal consent; or accomplished with any female by means of force overcoming her resistance, or by means of threats of immediate and great bodily harm, accompanied by apparent power of execution, preventing such resistance, is rape in the first degree. In all other cases rape is of the second degree."

A short statement of the evidence is all that is necessary. It revealed that the defendant had served three different terms in the penitentiary, two in the Oklahoma penitentiary for burglary and one in the Missouri penitentiary for burglary and larceny. It further revealed, according to the evidence of the prosecuting witness, Edna May Weeden, that her father began a course of con-

duct toward her when she was nine years of age and continued up until May 25, 1939, when she was twelve years of age. It is unnecessary to go into the details of this evidence. Suffice it to say that he had intercourse with her upon numerous occasions. That he at different times made arrangements which gave him an opportunity to be separate and apart with her, and the evidence of prosecutrix is corroborated in many respects by members of the family and other disinterested witnesses. The doctor who examined her when she reported to the county attorney corroborated her as to the condition he found at the time of the examination. Defendant took the witness stand and denied ever having wronged the prosecutrix or any other member of his family, and denied the truth of the statements made by other witnesses. However, he corroborated the prosecutrix in much of her testimony as to their being present at different locations where she said the acts occurred. He also produced two other witnesses who testified they had seen the prosecutrix in a compromising position with other boys. This was also denied. His defense was that the members of his family were seeking to get rid of him and therefore this prosecution was instituted. This was also denied by different members of the family.

It will thus be seen that there was a direct conflict in the evidence. Under the often announced rule of this court, this was a question for the jury to decide. They were in a much better position to pass upon this question than is an appellate court. There is ample proof to sustain the judgment and sentence. The testimony of the prosecutrix is amply corroborated. This court has adhered to the rule that it is unnecessary to corroborate the evidence of the prosecutrix in order to sustain a verdict in this class of cases. It is only when the testimony is conflicting and so unreasonable that we have held that

it is necessary that it be corroborated. See Varner v. State, 69 Okla. Cr. 294, 102 P. 2d 615, where the previous cases of this court are cited and reviewed. Work v. State, 63 Okla. Cr. 433, 75 P. 2d 1161. The evidence in this case does not bring it within that rule. In the case of Wood v. State, 72 Okla. Cr. 364, 116 P. 2d 728, this court held that a father could be guilty of rape of his own daughter. Wood v. State, 72 Okla. Cr. 347, 116 P. 2d 734.

The judgment and sentence of the district court of Wagoner county is therefore affirmed.

JONES and DOYLE, JJ., concur.