# DAN LANDON v. STATE.

No. A-10333.   July 28, 1943.

(140 P. 2d 242.)

Carl C. Wever, of Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Dan Landon, was charged in the district court of Osage county with the crime of rape in the first degree, was tried, convicted and sentenced to serve forty years in the State Penitentiary and has appealed.

The information filed against the defendant alleged that he committed the crime of rape upon his daughter, Dorothy Landon, on May 24, 1939, at a time when she was 13 years of age.

The defendant has filed a lengthy brief in support of many different assignments of error. No answer brief has been filed on behalf of the state.

It is insisted that the court erred in admitting certain evidence over the objection and exception of defendant. This assignment of error is directed chiefly at the testimony of the former wife of defendant concerning an alleged assault upon an eight-year-old daughter of defendant, approximately two and one-half years after the date of the alleged offense upon which the information herein is based.

After the institution of these charges against defendant, his wife obtained a divorce. She was the first witness called by the state to testify against defendant. **She** testified at length concerning an incident that happened about 2 o'clock, a.m., on November 9, 1941, at the home of herself and defendant. She related that defendant came home after midnight. That he lighted the lamp and turned the radio up loud. That in a little while she became suspicious of defendant's actions and tiptoed to a door leading into the front room, and there saw defendant in

a large chair with his eight-year-old daughter in front of him "working over her." She gives a lurid description of what she saw on that occasion and when asked to state what she did, she said that she told defendant "he should be ashamed." That they then went into the bedroom. That after they had gone to bed an argument started between herself and defendant and defendant caught her by the throat and said he would choke her to death. That she screamed and two of her other girls came running over to the bed and tried to help her. That defendant struck both of these girls with his fists and knocked them down and slapped them repeatedly. That the defendant tried to find a gun, stating that he had been wanting to kill all of them for a long time and if he could find a gun he was going to do it right then. The testimony of this witness was extended at considerable length and was devoted chiefly to this occurrence on the night of November 9, 1941.

It should be borne in mind that defendant was accused of the crime of rape committed upon Dorothy Landon, age 13, on May 24, 1939. The eight-year-old daughter involved in the alleged assault about which the wife testified is another person than the one upon whom the crime of rape is alleged to have been committed. It is not contended by the state that defendant raped the eight-year-old girl upon the night in question, but all of this evidence concerning the happenings on November 9, 1941, was admitted in evidence over the objection of defendant that they were wholly disconnected with the offense upon which he was standing trial. This evidence was introduced by the state before there was ever any testimony to show that defendant had committed a rape upon Dorothy Landon.

Defendant also complains that the court erred in admitting evidence by La Etta Landon, another daughter, that defendant at different times, had sexual intercourse with her, and further that the court erred in admitting evidence of other acts of sexual intercourse with Dorothy Landon besides the one specifically named in the information.

The general rule is that when a defendant is put upon trial for one offense, he should be convicted, if at all, by evidence which shows that he is guilty of that offense alone; and evidence which in any manner shows, or tends to show, that he has committed another crime wholly independent, even though it be a crime of the same sort, is irrelevant and inadmissible. Nemecek v. State, 72 Okla. Cr. 195, 114 P. 2d 492, 135 A.L.R. 1149.

As an exception to the general rule, the courts have been very liberal in permitting evidence of other offenses involving carnal intercourse of the sexes where it is between the same parties, whether prior or subsequent to the offense charged in the information, for a reason peculiar to sexual crimes. This exception to the general rule is founded not so much upon the desire to show the intent with which the offense was committed, but more upon the broader ground of showing sexual inclination or lustful disposition of defendant toward the prosecuting witness and making it more probable that the offense charged was committed. Wharton's Criminal Evidence, (11th Ed.) vol. 1, § 356.

In Morris v. State, 9 Okla. Cr. 241, 131 P. 731, 734, it is stated:

"On reason and by the great weight of authority, we think the correct rule is that, in a prosecution for 'statutory' rape, evidence of other acts of sexual intercourse

between the same parties is admissible, including evidence of acts committed subsequent to the particular act relied upon for conviction, even though it proves other and distinctive offenses as relevant to show the true relation of the parties to each other, and to characterize and explain the act for which the defendant is on trial. It is the general desire to satisfy lust that is involved in this class of cases, and this character of evidence tends to show lustful desire and disposition by showing continuousness of the illicit relation. However the limits of time over which evidence of this kind may range is largely within the legal discretion of the trial court. In so far as the case of Cecil v. Territory of Oklahoma, supra, [16 Okla. 197, 82 P. 654, 8 Ann. Cas. 457] conflicts with this opinion, it is overruled."

See, also, Ellsworth v. State, 10 Okla. Cr.452, 137 P. 1188, 1189; Dunscombe v. State, 19 Okla. Cr. 45, 197 P. 1073; Williams v. State, 14 Okla. Cr. 195, 169 P. 655; Pruett v. State, 35 Okla. Cr. 359, 250 P. 1029, 1030.

In Pruett v. State, supra, it is held:

"The general rule that proof of other offenses is inadmissible unless a part of the res gestae does not apply to offenses involving illicit sexual intercourse, and evidence of other acts between the same parties is admissible, not as affording proof of a substantial offense in themselves, but as corroborating other evidence of the act charged, and as tending to show the relations existing between the parties as bearing upon the probability of the commission of the crime charged.

"In a prosecution for incest, evidence tending to establish acts of incest at times other than, and prior to, that relied on for the conviction is admissible, as indicating continuousness of the illicit relation and as tending to corroborate the testimony of the prosecutrix as to the particular act relied on for conviction."

The above cases are ample authority for the admission of the evidence of Dorothy Landon concerning other acts

of carnal intercourse between herself and defendant. The testimony of La Etta Landon that defendant, on the date alleged in the information, came to the bed where she and Dorothy Landon were sleeping and there had sexual intercourse with each of them, is admissible as a part of the res gestae. The other acts of sexual intercourse related by La Etta Landon and all of the testimony of the mother concerning the alleged assault upon the eight year old daughter two and one-half years subsequent to the date of the alleged rape of Dorothy Landon, and the mother's testimony concerning the threats made with a gun and his treatment of the family on the night in question, are wholly unrelated to the offense charged and were distinctly prejudicial, and the admission of this evidence over objection of defendant is reversible error.

In Quinn v. State, 54 Okla. Cr. 179, 16 P. 2d 591, the trial court permitted the state to prove over the objection of the defendant that about 30 days prior to the date of the crime alleged against defendant the defendant committed rape upon one Myrtle Patton at about the same place and in the same manner as the act alleged to have been committed by the accused upon the Griffith sisters. On appeal to this court it was held that the action of the court in admitting the evidence of the rape of Myrtle Patton, being a wholly unrelated offense, was inadmissible and not so closely linked and connected as to form a part of the res gestae, or tending to establish a systematic scheme or plan embracing the commission of two or more offenses so related to each other that proof of one tends to establish the other.

In view of the fact that no statement was made by Dorothy Landon concerning the alleged rape on May 24, 1939, until more than two and one-half years had elapsed,

it is evident that the testimony of the wife concerning the acts of defendant on November 9, 1941, and the other inadmissible evidence hereinabove referred to, contributed greatly to the verdict of guilty returned by the jury.

We shall not attempt to analyze the evidence nor comment upon the same as it is evident because of the admission of this evidence the cause must be reversed and remanded for a new trial.

Without discussing the motion for continuance in detail, it is sufficient to state that the same failed to allege facts which would be sufficient on its face to entitle defendant to a continuance. Much of the brief of defendant is devoted to a presentation of the alleged error in overruling the motion for a continuance. Counsel for defendant evidently did not have sufficient time to prepare for trial. In view of the fact that former counsel for defendant has now withdrawn from the case, we suggest that upon the appointment of other counsel by the trial court, such appointment be made a sufficient length of time ahead of the trial to give counsel an opportunity to consult with the large number of witnesses whose testimony the defendant claims would establish his innocence.

With the exception of the evidence hereinabove discussed, the court's ruling on all other matters about which complaint is made appears to have been correct.

For the reasons hereinabove stated, the judgment of the district court of Osage county is reversed and the cause is remanded for further proceedings in accordance with this opinion.

BAREFOOT, J., concurs. DOYLE, J., not participating.