## LOUIS FERGUSON v. STATE.
No. A-10249.    Jan. 12, 1944.
(145 P. 2d 216.)

Primus C. Wade, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for defendant in error.

BAREFOOT, J. Defendant, Louis Ferguson, was charged in the district court of Tulsa county by indictment of the grand jury with the crime of rape in the first degree; was tried, convicted and by the court his punishment assessed at 27 years in the State Penitentiary, and he has appealed.

To substantiate the charge in this case, it was alleged that the defendant committed rape upon his twelve year old daughter, Earline Ferguson, on or about the 29th day of October, 1941, by having intercourse with her at his home, 718½ East Pine street, in the city of Tulsa, Tulsa county, Oklahoma.

All of the alleged errors may be considered together.

It is first contended that there was a variance between the allegations of the indictment and the proof offered by the state. We have carefully examined the indictment and the record. The prosecutrix testified positively as to the time and the date at which the intercourse occurred. The defendant did not testify, and did not offer any testimony. The court properly instructed the jury as to the time element. We are of the opinion that there was no variance between the allegations of the indictment and the proof.

128

It is next contended that this case should be reversed because of the argument of the assistant county attorney. In the first place, it is very doubtful whether exceptions were taken to this argument in the manner prescribed by the cases decided by this court. However, we have examined the record and do not find any statement made by the assistant county attorney in his opening statement or in his argument to the jury that would cause any prejudice against the defendant, taking the entire record into consideration.

Defendant contends that the permitting of the prosecutrix to testify to other acts of intercourse between the defendant and herself shortly prior to the act alleged in the indictment was prejudicial, and that the court erred in permitting this evidence to be submitted to the jury.

This court has often held that evidence of this nature is admissible in cases of this character, and as the facts here revealed. The act was between the same parties, and within a short space of time prior to the time of the alleged act. Weeden v. State, 73 Okla. Cr. 258, 120 P. 2d 379; Gregg v. State, 69 Okla. Cr. 103, 101 P. 2d 289; Marlow v. State, 20 Okla. Cr. 326, 202 P. 1048, and cases cited therein; Morris v. State, 9 Okla. Cr. 241, 131 P. 731.

The contention that the evidence is insufficient to sustain the judgment can not be sustained. This contention is principally based upon the fact that the evidence of the prosecutrix is not properly corroborated. An examination of the record refutes this. The evidence of the prosecutrix is that she was 12 years of age, and that her father had intercourse with her on the 29th day of October, 1941, on the bed in their home. She states the circumstances and there is nothing conflicting or unreasonable in her statement. She also relates other instances of the

same kind prior to that date. In a voluntary statement made by the defendant to the police officers of the city of Tulsa the day after his arrest, the defendant admitted the act of intercourse at the time alleged, and also two previous acts. He stated:

"The first time was at 2412 North Peoria; I had just got out of the Tulsa county jail; the second time was at Pawnee, Okla., sometime during the summer, and the last time was about one month ago at my home at 718½ East Pine Street.

"Q. (By the officer) Just why did you ever do such a thing, Ferguson? A. Well, Earline always slept with me from a baby, and I never thought there was any harm to it. I was raised in Old Mexico, and they didn't pay no attention to anything like that down there. You see, when I got out of jail I went home and ate, and was tired and sleepy and layed down upon the bed and she came there and played with me, and I don't know—-that passion came on me."

Dr. James H. Neal testified to examining prosecutrix on November 17, 1941, and that the hymen had been ruptured, and that in his opinion she had had intercourse with some one. He also testified to other physical facts which corroborated this statement.

No evidence was offered by the defendant.

We have often held that a conviction for rape may be sustained upon the uncorroborated evidence of the prosecutrix; but it is also the rule that such evidence must not be inherently improbable, incredible, unreasonable or contradictory. We do not find that the evidence in this case comes within the exception. Gordon v. State, 75 Okla. Cr. 356, 131 P. 2d 503; Hulsey v. State, 65 Okla. Cr. 382, 87 P. 2d 1110, and cases cited therein; Malone v. State, 40 Okla. Cr. 102, 267 P. 486; Ferbrache v. State, 21 Okla. Cr. 256, 205 P. 617.

The contention that the sentence of 27 years is excessive cannot be sustained. The maximum punishment under the law is death or imprisonment for life, and under the facts here revealed, we do not find that the punishment assessed is excessive.

The judgment and sentence of the district court of Tulsa county is therefore affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.