Mark Edward COLE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–740.

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1981.
Rehearing Denied Nov. 4, 1981.

D. C. Thomas, James Patterson, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Timothy S. Frets, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Mark Edward Cole, the appellant, was convicted of Assault and Battery with a Dangerous Weapon, Case No. CRF–79–1346, and Rape in the First Degree, Case No. CRF–79–1347, in the Oklahoma County District Court. The jury imposed consecutive sentences of five (5) years f. r the Assault and Battery conviction, and forty (40) years' imprisonment for the Rape.

On or about April 6, 1979, S.S., who had been drinking intoxicants, agreed to accompany the appellant and Ricky Albright as they drove Albright's Thunderbird in and about Edmond. She was acquainted with Albright and the appellant, both of whom she had dated. They took S.S. to two or three secluded spots and assaulted her. The appellant forced S.S. to engage in intercourse with him while Albright assisted him by restraining their victim. Following the sexual assault, the appellant repeatedly plunged a knife into the victim's vagina. Albright and the appellant then dropped S.S. off at an Edmond restaurant and she sought assistance from nearby residents.

### I.

The admission over objection of State's Exhibit Number Eleven (11), the jeans worn by the prosecutrix on the night in question, is first asserted as error. As a result of the wounds caused by the knife inserted into the victim's vagina, the jeans were heavily stained with blood. Under the law stated in *Brewer v. State*, 414 P.2d 559 (Okl.Cr.1966), and cited with approval in *Jennings v. State*, 506 P.2d 931 (Okl.Cr. 1973), the admissibility of this evidence must be determined in relation to its probative value to one of the following: the accused's connection with the crime; proof of the deceased's identity; nature of the wound; or any other material matter at issue.

Having examined the argument made by the defense attorney at trial in support of his objection to the evidence, and having considered the arguments of both the appellant and the State on appeal, this Court finds that the jeans did in fact provide persuasive proof of the nature and the extent of the injuries sustained by the prosecutrix and that this exhibit was relevant to the issues to be decided by this jury.

### II.

The appellant urges this Court to find that the trial judge improperly denied him the opportunity to present the testimony of a handwriting expert to testify that defendant's Exhibits 1, 2 and A were written in the same handwriting as defendant's Exhibits 3 and 4, which were known writings of the prosecutrix. During cross-examination, the prosecutrix had denied that her handwriting appeared on Exhibits 1, 2 and A.

During the presentation of its defense, defense attorney D.C. Thomas attempted to introduce the testimony of handwriting expert Clarabelle Smith. An in-camera hearing was held at which the court inquired of the defense attorney whether this proffered testimony would be introduced for the purpose of proving the prosecutrix's motive in accusing the defendant of raping her since the writings were indicative of the relationship between the victim and the defendant prior to the crime. The defense attorney denied that he was attempting to prove motive and insisted that the evidence was being offered to impeach the testimony of the prosecutrix, in which she had said that the notes were not written by her. In his reply brief the appellant states that the court ruled that the exhibits were inadmissible in that they were only evidence of

immorality to impeach the prosecutrix by showing bad character. This Court has reviewed the transcript and finds that the court ruled on the basis of impeachment on a collateral matter by means of extrinsic evidence.

The appellant cites to the new evidence code at 12 O.S.Supp.1980, § 2404(A)(2), to support the introduction of the handwriting expert's testimony. Proof of the prosecutrix's lack of honesty falls under "evidence of a pertinent trait of character of the victim of the crime offered by an accused," he says, citing Section 2404(A)(2), supra. However, in section 2608 of that same title, it is stated that "specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility . . . may not be proved by extrinsic evidence." That section continues, "They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into *on cross-examination of the witness.*" (Emphasis added)

Clearly the code supports impeachment of a witness as to specific acts of conduct relevant to honesty only by cross-examination. Here, the effort by the defense was to introduce this impeaching evidence extrinsically, contrary to Section 2608.

The issue here is relevancy. As Judge Cook correctly stated, there is no "visible connection between the proof that she lied or was mistaken about her handwriting on certain documents and the issues that are going to this jury." The effect of such testimony has a potential for confusion of the issues that outweighs any probative value. See 12 O.S.Supp.1980, §§ 2401 through 2403.

### III.

██ The appellant argues that the court improperly excluded evidence of the following incidents of behavior of the prosecutrix: irrational behavior while intoxicated; infliction of wounds on herself and threats to commit suicide; unfounded accusations of rape against third persons; and threats to the appellant to get even with him.

At an in-camera hearing, the defense made an offer of proof by presenting testimony of both Deanna and Ruthie Foster. Those portions of the evidence which were offered to prove specific acts of misconduct were excluded under Laws 1978, ch. 285, § 608; now 12 O.S.Supp.1980, § 2608(B); and Laws 1975, ch. 19, § 1; now 22 O.S. Supp.1980, § 750. However, the trial judge held that the evidence of prior inconsistent statements by the prosecutrix was admissible to impeach her credibility as to motive to testify under Laws 1978, ch. 285, § 613; now 12 O.S.Supp.1980, § 2613(B). The evidence revealed that the prosecutrix had threatened to "get even" with the appellant prior to the date of the alleged rape. The inference was that she was angry with him for terminating his relationship with her and that she fabricated the charges of rape and assault as retribution.

██ In ruling this evidence of motive admissible, Judge Cook admonished the appellant's attorney that Section 2613(B), supra, provides that the witness be afforded an opportunity to explain prior inconsistent statements. According to the prosecutor's statement during this hearing, there was an unrelated violent act committed by the appellant and Albright against this prosecutrix prior to the alleged rape. He asserted that this would explain her threatening statement to the appellant. The defense chose not to present the evidence subject to a 2613 explanation by the prosecutrix.

Our examination of the in-camera hearing and those portions of the evidence code relevant to the court's rulings reveals that the excluded portions were properly held inadmissible. As to the testimony regarding motive, it was the decision of the defense, apparently in view of 2613, and not the trial court's ruling, that resulted in neither witness being called by the defense to testify.

### IV.

██ The appellant alleges that the evidence of appellant's consumption of LSD on the night of the crimes was improperly admitted, without a cautionary instruction, over his objection. During the State's case-in-chief, Ricky Albright was asked, "Now,

what, if any type of drugs or narcotics, did you take that day? He answered, "We had some LSD." The examination continued on that theme through several more questions before the defense attorney objected. The court ruled that the evidence was admissible under Laws 1978, ch. 285, § 404; now 12 O.S.Supp.1980, § 2404(B). The court further determined that a cautionary instruction was not required under *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979).

An examination of the transcript reveals that the defense did not enter its objection in time to prevent the jury from hearing the objectionable evidence. 12 O.S.Supp. 1980, § 2104(A)(1). We also note that the trial court improperly ruled that the evidence was admissible under Section 2404. This Court finds that the evidence was not properly admitted under *Burks v. State*, supra, or Section 2404, supra. This Court finds that the nature and length of the testimony was inconsequential in view of the entire transcript and the weight of the evidence. The error is harmless.

### V.

 The assignment of error regarding the consolidation for trial of the charges of Rape in the First Degree and Assault and Battery with a Dangerous Weapon, supported by *Wilson v. State*, 506 P.2d 604 (Okl.Cr.1973), lacks merit. See 22 O.S.1971, § 436 through 438; *Dodson v. State*, 562 P.2d 916 (Okl.Cr.1977); *Chaney v. State*, 612 P.2d 269 (Okl.Cr.1980); *Johnson v. State*, 611 P.2d 1137 (Okl.Cr.1980); and *Sutton v. State*, 634 P.2d 205, (Okl.Cr.1981).

### VI.

 There are two instructions which are raised as the basis of error by the appellant in his final proposition. The first is an instruction, admitted over the appellant's objections, on the law of aiders and abettors. The objection alleges that this instruction provided the jury with an opportunity to resolve any questions they may have had of the appellant's status, convicting him as an aider and abettor if they did not find him to be a principal. According to the appellant, the purpose of the aiding and abetting statutes is to include as principals those contributors to the crime who were not present at the scene. That interpretation is not supported by the law. See 21 O.S.1971, § 172; 22 O.S.1971, § 432; and *Wilson v. State*, 552 P.2d 1404 (Okl.Cr.1976). The instruction given was consistent with the evidence of the joint participation of the appellant and witness Albright in these crimes.

 Second, the appellant alleges that the following instruction offered by him was improperly denied by the court. In that instruction the jury was told that the testimony of one who testifies under a promise from the State that he will not be certified to stand trial as an adult must be corroborated and should be examined with greater than ordinary care. Further, the instruction included the following language at the end: "After such consideration, you may give the testimony of the accomplice witness such weight as you feel it deserves."

Had the appellant offered a proper instruction on the issue of corroboration of an accomplice's testimony, the court would have erred in its denial. Here, however, the appellant offered an inappropriate instruction, focusing on the fact that Albright was a witness testifying on the promise of non-certification, and not focusing primarily on the accomplice-corroboration issue. The appellant offers no law to support his unorthodox instruction. Further, he waived any error regarding instructions on accomplice testimony by his failure to raise the issue at trial.

The convictions in CRF–79–1346 and 1347 are hereby affirmed.

BUSSEY and CORNISH, JJ., concur.