Daniel Lee HAWKINS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–87–696.

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1989.

Lee Ann Jones Peters, Chief of Appellate Div., Oklahoma County Public Defender's Office, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen. of Oklahoma, William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Vice Presiding Judge:

Daniel Lee Hawkins was convicted of Forcible Anal Sodomy (21 O.S.Supp.1982, § 888) and Rape in the First Degree (21 O.S.Supp.1984, § 1111) both After Former Conviction of a Felony, after a trial by jury in Oklahoma County District Court, Case No. CRF–86–6981. He was sentenced to ten (10) years per count with the sentences to run consecutively. He was acquitted of a second count of Forcible Anal Sodomy. He appeals.

This case arises from a unique factual background. The history of the case began in August of 1985 when M.A.Q., the prosecutrix in the present case, reported to police that she had been raped at her home

in south west Oklahoma City. M.A.Q. subsequently reported to police that she had been raped two more times, on November 15, 1985 and on November 30, 1985, by the same man.

In early December, 1985, police showed M.A.Q. a photo lineup which included the picture of a man police believed to be a viable suspect. M.A.Q. identified that man as her rapist. Charges were filed against the suspect; however, they were dropped when M.A.Q. failed to identify the accused at preliminary examination. On January 18, 1986, M.A.Q. reported that she had been raped a fourth time. She ultimately reported to police the occurrence of a fifth rape on June 10, 1986, a sixth rape on September 17, 1986, and a seventh rape on October 10, 1986.

On December 27, 1986, M.A.Q. made her eighth rape complaint in less than 2 years. She reported that she had been raped on the lawn beside her home after a man threw her to the ground and forced her to remove her clothes.

Later that same day, Appellant was apprehended several blocks from M.A.Q.'s home. He told police that he had been given M.A.Q.'s address by a friend. He went to the house, talked to M.A.Q. for a few minutes, then asked her if she wanted to have sex with him. Appellant testified that M.A.Q. then removed her clothes and laid down in the grass, where they had sexual intercourse. Appellant denied having engaged in anal sodomy.

At trial, M.A.Q. testified that Appellant had been the perpetrator of all the previous rapes which she had suffered. Although the trial court sustained the State's Motion in Limine, holding that no reference be made to the first three occurrences reported by M.A.Q., she testified numerous times that Appellant had raped her more than five times. The State, in both its opening statement and closing argument, argued that the present trial was M.A.Q.'s "vindication". The State explained that no one had believed M.A.Q.'s previous rape reportings; however, now, clearly she should have been believed.

As one of his propositions of error, Appellant asserts that the trial court improperly limited his ability to present evidence relevant to the credibility of M.A.Q. Specifically, the court refused to allow inquiry into the substance of any of the police reports compiled after the other reported rapes as well as evidence that M.A.Q. had previously identified another man as the perpetrator of the first three rapes. Appellant did not object to the admission of evidence concerning the four other rapes which the court ruled were admissible and objected to the court's ruling that the first three reports were not to be referred to in any manner. Appellant's trial strategy appeared to be focused on impugning the credibility of M.A.Q.

The parties to this appeal devote much attention in their respective briefs to the appropriate treatment of this evidence. Both parties classify this testimony as character evidence covered by 12 O.S.1981, § 2608(B). Their reliance on this section of the evidence code is misplaced. We are faced with a situation here unlike any that we have considered previously. We are not presented with evidence that the prosecutrix has previously accused another person of rape as we were in *Woods v. State*, 657 P.2d 180 (Okl.Cr.1983) or *Cole v. State*, 634 P.2d 1313 (Okl.Cr.1981). Instead, the previous accusations of rape are all directed at this defendant. Evidence concerning the previous rapes was not introduced as evidence of the character of either the prosecutrix or the accused; instead it is part of the case in chief against Appellant.

The record is barren of any explanation for the trial court's ruling that evidence concerning some of the other rapes could be introduced against Appellant, yet that same evidence was to be subjected only to limited cross-examination. We find that it was error for the trial court to allow the introduction of testimony so obviously prejudicial to Appellant, and then to so restrict the boundaries of cross-examination that the Appellant was totally unable to impeach the credibility of either the prosecutrix or the investigating officer.

■ It has long been the law of this State that evidence of either prior or subsequent sexual acts between the victim and the accused constitute evidence which falls into an exception to the general rule that evidence of "other crimes" will not be admitted to prove that a defendant acted in conformity with his prior propensities.[1] *Ferguson v. State,* 78 Okl.Cr. 126, 145 P.2d 216 (1944); *Landon v. State,* 77 Okl.Cr. 190, 140 P.2d 242 (1943).

The State asserts that use of these police reports to impeach the credibility of M.A.Q. is necessarily limited by 12 O.S.1981, § 2608(B) because the prior rape reports constitute extrinsic evidence of specific instances of conduct which is prohibited by that section. We disagree. The purpose of § 2608(B) is to prevent a trial from becoming cluttered with evidence proving no issue directly germane to the case on trial, but interjecting collateral matters, relevant only for impeachment purposes, into the proceedings. *Barks v. Young,* 564 P.2d 228 (Okl.1977). In the present case, the matters sought to be addressed through cross-examination are clearly not collateral matters. M.A.Q. testified that this defendant raped her not just the time for which the charges were brought, but a total of eight times. The State used the fact of the previous rapes to bolster the credibility of M.A.Q. by claiming that she should have been believed on all the other occasions. The details of those other incidents should have been subject to cross-examination.

In *Woods v. State,* 657 P.2d 180 (Okl.Cr. 1983), we discussed the importance of cross-examination as a means of testing the reliability and credibility of a witness. We quoted the Supreme Court opinion, *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), as succinctly summarizing the essence of this valuable right:

Cross-examination is the principle means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of

a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit the witness.... A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is "always relevant as discrediting the witness and affecting the weight of his testimony." (Citations omitted.)

■ In *Woods,* we held that the defendant was wrongfully prevented from cross-examining the prosecutrix in an incest prosecution concerning her previous accusations against other family members. We held that the testimony was relevant and thus, admissible to impeach the witness's testimony. In *Woods,* the evidence sought to be obtained was limited by 12 O.S.1981, § 2404(B) because it involved incidents totally extraneous to the crime for which the defendant was charged. That is not the case here. We are presented with a situation where all the previous crimes allegedly involve the same two participants, but Appellant only stands charged with one offense. In such a case, evidence involving the other offense is admissible not only to prove motive, opportunity, or common plan or scheme by the accused, but is equally as admissible to attack the credibility of the complaining witness.

In *Landon v. State,* 77 Okl.Cr. 190, 140 P.2d 242, 244 (1943), we held:

As an exception to the general rule, the courts have been very liberal in permitting evidence of other offenses involving carnal intercourse of the sexes where it is between the same parties, whether prior or subsequent to the offense

---

1. This exception is even included in Oklahoma's "Rape Shield Statute", 22 O.S.1981, § 750, which does not prohibit introduction of evidence of

prior sexual conduct between the prosecutrix and the accused.

charged in the information, for a reason peculiar to sexual crimes. This exception to the general rule is founded not so much upon the desire to show the intent with which the offense was committed, but more upon the broader ground of showing sexual inclination or lustful disposition of defendant toward the prosecuting witness and making it more probable that the offense charged was committed.

We quoted our previous decision in *Pruett v. State*, 35 Okl.Cr. 359, 250 P. 1029, 1030 (1926) as authority:

The general rule that proof of other offenses is inadmissible unless a part of the res gestae does not apply to offenses involving illicit sexual intercourse, and evidence of other acts between the same parties is admissible, not as affording proof of a substantial offense in themselves, but as corroborating other evidence of the act charged, and as tending to show the relations existing between the parties as bearing upon the probability of the commission of the crime charged.

■ Because of errors involved in the first trial, we remanded *Landon* for further proceedings. As a result of a new trial, we again considered the subject of admissibility of previous sexual acts between the accused and his victim, we held:

In a trial upon a charge of rape, proof of other acts of intercourse may be shown for the purpose of corroboration and as showing the relation between the parties; but a conviction must be based on one act.

*Landon v. State*, 83 Okl.Cr. 141, 174 P.2d 266 (1946), quoting *Kilpatrick v. State*, 71 Okl.Cr. 129, 109 P.2d 516 (1941). If this evidence may be properly considered as corroborating the prosecutrix's testimony, it is only logical that it would be equally proper to use the evidence for impeachment of the prosecutrix. Because of the unique nature of the allegation against Appellant in this case, the general rules concerning the admissibility of "other crimes" have no application. Likewise, the prohibition by 12 O.S.1981, § 2608 of inquiry into

specific instances of conduct is not implicated by the evidence in question here. As we held in *Bruner v. State*, 612 P.2d 1375, 1377 (Okl.Cr.1980):

... [T]his Court has held that where the offense charged is so connected with other offenses as to form a part of "an entire transaction" evidence of other offenses may be admissible to show the character of the offense charged.... And where there is a "logical connection" with the offense charged, evidence of separate and independent crimes may be admitted. (Citations omitted).

We therefore find that the trial court erred when it refused to allow any evidence concerning the first three reported rapes and to the extent it limited inquiry into the other four reports. The course of events of the two years in question was used greatly by the State in its attempt to bolster the credibility of the witness. Appellant should have been afforded the same opportunity to undercut her credibility.

■ As a final note, we must point out that any of the details of the previous rape reports told by M.A.Q. to police, which were not consistent with her testimony at trial would be admissible as prior inconsistent statements under 12 O.S.1981, § 2613. Thus, the trial court's refusal to allow exploration of the statements made by M.A.Q. to police which were memorialized in police reports was also error.

Based upon the foregoing, we hereby REVERSE and REMAND this case for a new trial consistent with this opinion.

PARKS, P.J., specially concurs.

BRETT, J., concurs.

LUMPKIN, J., concurs in result.

PARKS, Presiding Judge, specially concurring.

I agree with the majority that the conviction should be reversed for the reasons stated. However, I would also reverse appellant's conviction based on his first proposition of error wherein he claims that the trial judge abused his discretion by rejecting the jury's request to rehear appellant's

testimony after sustaining a like request to rehear testimony of a witness representing the prosecution. This clearly emphasized that portion of the State's case. *See Givens v. State*, 705 P.2d 1139, 1141 (Okl.Crim. App.1985).