## LEE DAWES v. STATE.

No. A-5473.    Opinion Filed May 13, 1926.
(246 Pac. 482.)

J. Berry King and B. L. Keenan, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State

DOYLE, J.  On information filed in the district court of Cherokee county, August 3, 1924, charging that in said county, December 27, 1923, Lee Dawes had sexual intercourse with Montie Etheridge, a female, under the age of 16 years, and not the wife of said defendant, he was tried and convicted, the jury leaving the punishment to be assessed by the court. Motion for new trial was overruled by the court, and judgment rendered on the verdict, sentencing defendant to imprisonment in the penitentiary for the term of 14 years.  The errors relied on to reverse the judgment will be taken up in the order presented.

It is urged that the court erred in overruling defendant's motion for a continuance on the ground of the absence of Jennie Vann, a material witness, duly subpoenaed by him in reasonable time, and, as the record shows, subpoenaed by the state.

Defendant in his affidavit states:

"* * * That affiant has used due diligence to ascertain the whereabouts of said witness and has been unable to locate her.  That if continuance is granted defendant expects to have said witness present in court or her deposition by the next regular term of court.  That if present she would testify, in substance: That on the night of December 27, 1923, she, together with Bill Condon, Montie Etheridge and Lee Dawes, left Tahlequah in Lee Dawes' car to go to the depot to see Watie Foreman off on the train; that Montie Etheridge got into the car on

her invitation; that she was in the car all the time from the time Montie Etheridge got into the car until they drove to her home; that Lee Dawes did not have sexual intercourse with the said Montie Etheridge; and that they were never out of the car, but everybody stayed in the car.

"That said evidence is material to the defense, and affiant knows the same to be true. That he could not prove all of said facts by any other witness. That this application is not made for delay, but that substantial justice may be done."

The subpoenas issued and the return thereon were offered in evidence. The motion was overruled and exception taken.

It is well-settled general rule that in reviewing the refusal of a continuance on account of the absence of witnesses, the record will be examined and the evidence adduced at the trial will be considered by this court for the purpose of determining whether the alleged testimony was probably true. McCarty v. State, 10 Okla. 407, 136 P. 1122.

The prosecutrix was the only witness in this case called by the state. She testified: That she resided with her parents one mile west of Tahlequah, on Judge Parks' place. That she was 14 years old February 23, 1924. That she first saw Lee Dawes about a month before this happened. That, about a week after Christmas, she was in Tahlequah. Lee Dawes, Jennie Vann, and Bill Condon came down the street and asked her to go to the depot with them to see Watie Foreman, who was leaving that night. That she got into the car, and, when they got to the depot, the train was leaving. They said they would take her on home. When they got out there defendant stopped the car, and Bill Condon and Jennie Vann walked off down the road. That defendant pulled her out and behind the car and there had sexual intercourse with her. That they were there about five minutes. Then

they got back in the car. About this time Jennie and Bill came back. Then they took her home. Her parents were there and she went to bed. That the next morning she told her sister about it.

For the defense, William Condon testified: That he was supboenaed as a witness for the state. That he was with Jennie Vann in Lee Dawes' car, going to the depot to see Watie Foreman off. Dawes stopped, and a girl that he never saw before got into the car on the invitation of Jennie Vann. Then they drove on by the depot and stopped on the public road. That they talked a while, and he got out of the car and walked down the road to urinate. That Jennie Vann did not get out of the car. That they drove back to Tahlequah, and Jennie Vann and the girl in the front seat got out at Jennie Vann's house, on Muskogee avenue.

As a witness in his own behalf, Lee Dawes testified: That Mr. Condon and Jennie Vann got in his car. It was near train time, and they were going to see Watie Foreman leave on that train. Montie Etheridge came along. Jennie Vann remarked about getting in, and he stopped; she got in, and said she was on her way home. That when they got to the depot the train was pulling out, and he drove on out towards her home, on Judge Parks' place and stopped about even with the house for her to get out and go home. That they talked there a while, and she said she was not going home, that she was going back to Ester Thorn's, and he turned around and drove back to town. That he did not get out of the car while she was in it, and did not have sexual intercourse with the prosecutrix.

After judgment and within the term, defendant filed a supplemental motion for a new trial on the ground of newly discovered evidence, supported by his affidavit and the affidavits of Jennie Vann and Callie Etheridge.

The affidavit of Jennie Vann corroborates the testimony of defendant and witness Condon, and further states:

"When we reached the depot, the train was just pulling out, and we told Montie that we would take her on to her home. Montie lives off the road something like a quarter of a mile out in the field, and when we got to the end of the road we stopped for her to get out, talked a few minutes, and she decided that she wanted to go back to town and stay all night with me, so we drove back. We stopped only a few minutes, and this was the only stop we made, either going or coming. Mr. Dawes was never out of the car at any time during the trip, and he did not mistreat Montie Etheridge at the place where we stopped or anywhere else or say anything out of the way to her."

The affidavit of Callie Etheridge is in part as follows:

"I am the sister of Montie Etheridge. I remember the occasion when Watie Foreman left Tahlequah. On that night my sister Montie Etheridge stayed all night at the residence of Ester Thorn, in Tahlequah. I was out driving that night and got into Ester Thorn's about 10 o'clock and when I got there my sister Montie was there in bed and asleep."

In support of the motion was also attached the following statement, signed by eleven of the jurors:

"We, the jury in the case of Lee Dawes charged with rape on one Montie Etheridge tried in the district court, September 11, 1924, we found this defendant guilty but could not agree as to the punishment. Since this trial we have learned of evidence that was not presented to us that was favorable to this defendant, and therefore we recommend a full acquittal of Lee Dawes of this crime."

Attached also was the acceptance of service and the waiver of objections, by the county attorney, in part as follows:

"I hereby waive any objections to granting of a new

trial, and, in view of the newly discovered evidence set out in this motion and the action of the eleven members of the jury trying him in recommending the course they do, I join in recommending to the court that this defendant be given a new trial.

"[Signed] W. A. Douglas, County Attorney."

The granting or refusing a continuance is ordinarily discretionary with the trial court. However, continuances ought always to be granted, when, from the showing, justice requires it to be done, and to enable the defendant to procure all legal and competent evidence necessary for a fair presentation of the defense, where due diligence to obtain the same has been shown.

The record here shows that the information was not filed in the district court until nearly eight months after the time the offense is alleged to have been committed; that defendant was arraigned September 1st, and entered his plea of not guilty. The case was called for trial September 11th, and the motion for continuance overruled.

Upon this record, and on account of the peculiar circumstances of this case, we are inclined to think that the court should have granted the continuance. The diligence used was sufficient, and the facts proposed to be proved were material. It follows that the court abused its discretionary power in compelling defendant to go to trial at that time.

Several assignments of error are based upon rulings of the court on the cross-examination of the prosecutrix. On her cross-examination the court sustained state's objections to certain questions and allowed exceptions.

The following offer of proof was made:

"At this time defendant offers to prove, on cross-examination of Montie Etheridge, that in the month of May she was brought from the State Industrial School for Girls to the county court, and at that time she made

similar charges against six or seven other defendants, and that she is now the prosecuting witness in these cases set for trial this term of court."

The court excluded the offer of proof, and exceptions were taken.

In the view we have taken of the disposition of this case, it will suffice to say that we think it was competent for the defendant to cross-examine the prosecutrix as to her past conduct, and to show that she had been committed to said institution, and thus impair her credibility. She was also asked if she called for help or tried to get away, and if she said anything about what happened to Bill Condon or Jennie Vann. We think this was proper cross-examination as being a part of the res gestae.

The proper practice is that on the direct examination of the prosecutrix she may be asked whether she made complaint that such an outrage has been perpetrated upon her, and when and to whom, and the person to whom she complained is usually called to prove that fact; yet the particular facts which she stated are not admissible in evidence, except when elicited on cross-examination or by way of confirming her testimony after it has been impeached. 3 Green. Ev. 213. And the well-established doctrine is that the particulars of the complaint may be brought out on cross-examination. It follows from what has been said that the court erred in excluding this evidence on cross-examination.

It is also contended that the evidence is not sufficient to justify or sustain a conviction. Carefully considering all the evidence in the case, we are convinced that the evidence of defendant's guilt is insufficient to support a conviction. The admonition of Lord Hale that "it must be remembered that this is an accusation easily to be made and hard to be proved, and harder to, be defended by the party accused, though never so innocent," must be heeded.

This court does not hold with some that, as a matter of law, rape cannot be established by the uncorroborated testimony of the prosecutrix, but in common with all courts recognize that, without such corroboration, her testimony must be clear and convincing. And, where the testimony of the prosecutrix bears upon its face inherent evidence of improbability, there should be corroboration by other evidence as to the principal facts to sustain a conviction. Morris v. State, 9 Okla. Cr. 241, 131 P. 731.

In Douglas v. State, 19 Okla. Cr. 257, 199 P. 927, we held:

"Under the laws of this state, conviction for rape may be had upon the uncorroborated evidence of the prosecutrix; but, where the testimony of the prosecutrix is contradictory, and her reputation for truth and veracity is impeached, and the defendant testifies, and denies specifically the testimony of the prosecutrix, and his testimony is corroborated, the testimony of the prosecutrix, standing alone, is not sufficient to warrant a conviction."

The testimony of prosecutrix that the defendant had sexual intercourse with her is without corroboration of any kind, and there is no claim of threats or fear in explaining her delay in making the complaint in this case, and the facts and circumstances in evidence all tend to discredit her. Upon the whole case we cannot help to think that the verdict was more the result of passion and prejudice than the calm, dispassionate consideration of the evidence by the jury.

For the reasons stated, and because the evidence is insufficient to warrant a conviction, the judgment of the trial court is reversed, and the cause remanded, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.