MR. JUSTICE DAY
delivered the opinion of the Court.
This is an appeal from a conviction for forgery. We affirm.
The basis for the appeal lies in the admission into evidence of testimony which the defendant contends prejudi *387 dally reflected on her right to remain silent during custodial interrogation, Miranda v. Arizona, 384 U.S. 436 n. 37, 86 S.Ct. 1602 n. 37, 16 L.Ed.2d 694 n. 37 (1966); Hines v. People, 179 Colo. 4, 487 P.2d 1258 (1972). Defendant was questioned following her arrest by a sheriff’s deputy. She was advised of her rights under the Miranda decision and agreed to “talk about the matter” and reserve any answers she desired. This reservation was related at trial by the sheriff’s deputy, as follows:
“Q. [by District Attorney]. And after so advising her of her constitutional rights did she agree to talk with you about the matter?
“A. She did. She stated that she would talk about the matter and would reserve any answers to the questions as to what she would want to answer or not.
* * H=
“Q. All right, go ahead. Any other comments that she had. “A. I asked her if she had known that the purse and contents were indeed stolen. She declined to make any statement as to that.”
Defense counsel did not object. It is now contended that this was plain error. Hines v. People, supra. We disagree.
As the People point out in their brief, the testimony was merely an accurate non-prejudicial recital of the defendant’s voluntary statement made in conformity with her own self-imposed reservations. There being no evidence that the prosecutor exploited this testimony in his argument or even referred to it, People v. Wright, 182 Colo. 87, 511 P.2d 460 (1973), we see no prejudice resulting from the testimony.
The defendant testified in her own defense and offered rebuttal testimony and evidence to counter any substantive effect the deputy’s testimony may have had. She stated in the trial that a third party had given her the purse and check in question and that she did attempt to cash the check at the People’s Bank & Trust Company as a favor to that third party.
This is not the case of prosecutorial misconduct we have uniformly condemned (see People v. Robles, 183 Colo. 4, *388 514 P.2d 630 (1973) and the cases cited therein) which is designed to “turn on the red light of potential prejudice.” United States v. Arnold, 425 F.2d 204 (10th Cir. 1970). Error, if any, committed here is certainly harmless.
The judgment is affirmed.