## No. 25913

## The People of the State of Colorado v. Rudy Jose Simbolo
(532 P.2d 962)

Decided March 10, 1975.                    Rehearing denied March 31, 1975.

50

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams Assistant, James Wendall Wilson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Norman R. Mueller, Deputy, Thomas M. Van Cleave III, Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was convicted of second-degree kidnapping, statutory rape and joyriding. We affirm.

At the time in question the prosecutrix was 11 years of age, and the defendant was in his late twenties. According to her testimony, early in the evening the defendant drove her to a rocky area near Grand Junction, kept her there all night and the following morning, and forced her to engage in sexual intercourse several times.

We comment on two arguments of the defendant: (1) improper limitation of cross-examination; and (2) prosecutorial misconduct in closing argument.

During cross-examination, counsel for the defendant asked the prosecutrix, "Isn't it true that you have accused another man in California of similar actions?" The court sustained an objection to the question. The defendant then rested and the jury was excused. Immediately thereafter in chambers defendant's counsel argued that he should have been permitted to have an answer to his question. The court in effect inquired as to the basis counsel had for posing the question. The only response to the court was as follows:

"I have reason to believe that accusations have been made against another individual in California for the same kind of sexual contacts. These allegedly occurred before the acts in this case, but the outcry was subsequent to these alleged acts.

\* \* \* \*

"I am not sure exactly [as to the time involved]. The officer who investigated out there for the — I think — Orange County Police Department, or Sheriff's Department, was unable to pin down the date, but the date of the outcry was on 7-20-72, and the information was given at the initiation of the officer investigating a complaint of another person."

In his closing argument the district attorney said: "I state to you this was rape of the worst kind. We have a little girl 11 years old." His last statement in closing argument was, "Citizens of

this community are entitled to protection from men like Rudy Simbolo.'' There was no contemporaneous objection. Counsel for the defendant objected and moved for a mistrial after the jury had retired to consider its verdict.

## I.

■ There was no error in sustaining the objection to the question propounded to the prosecutrix, ''Isn't it true that you had accused another man in California of similar actions?'' As the only basis for this question, counsel stated in chambers that ''the information'' was given to a law enforcement officer in California, who was investigating another matter, and that the date of the ''outcry'' was found by the officer to be July 20, 1972. Counsel did not reveal the source of his information. For aught that appears of record, it could have come from the defendant, a friend of the defendant, an anonymous call or any one of dozens of sources, believable or unbelievable, reliable or unreliable. Except for the question addressed to the prosecutrix, counsel did not state that the ''outcry'' involved sexual intercourse nor what the ''information'' was that was given to the California officer. He did not even state that it was the prosecutrix who made the ''outcry.''

■ We are not unmindful of the general proposition that wide latitude should be allowed in the cross-examination of a prosecuting witness in a rape case (*DeSalvo v. People,* 98 Colo. 368, 56 P.2d 28 (1963)), and that evidence of prior false accusations may be admitted as affecting the credibility of the prosecutrix. *People v. Hurlburt,* 166 Cal. App. 2d 334, 333 P.2d 82 (1958). However, it is unfair to allow — and we cannot countenance — questions, such as that propounded here, which can cause a doubt in the jury's mind as to the prosecutrix' credibility when there is no reasonable basis in fact for the interrogation.

■ To cast an innuendo, such as was involved in this question, the question must be predicated upon a statement of fact by counsel (in chambers, of course) in justification, which will show to the court that there was a rational and reasonable basis for the question, including source, or at least a good reason for lack of identification of source.

■ ABA Standards Relating to the Defense Function § 7.6 reads:

"It is unprofessional conduct to ask a question which implies the existence of a factual predicate which the examiner cannot support by evidence."

In *Kizer v. State,* 67 Okla. Crim. 16, 93 P.2d 58 (1939), it was stated:

"It is a well-established rule that impeaching questions should not be propounded to a witness unless they are based upon facts that the interrogator intends to present in refutation of adverse answering of questions propounded; such line of questioning should be done in good faith, and not for the purpose of prejudicing and arousing suspicion of the jury against the defendant."

We are unmindful of the fact that the quoted ABA Standards discuss "unprofessional conduct" and not error. Assuming *arguendo* that the unprofessional conduct mentioned in the Standards also amounts to error, we do not here have to travel the distance traversed by the ABA Standards and *Kizer, i.e.,* we do not here have to impose as a condition precedent to the propounding of the qeustion that counsel be able to support by other available evidence the inference arising from the question. We make no ruling in this respect. We merely state that, prior to asking such a question, counsel be possessed of *quantum sufficit* to make the question not unfair and not unsupportable in some manner. It was not error for the court so to limit cross-examination.

## II.

The district attorney may have gone too far in his statements that this was "rape of the worst kind" and that the citizens of the community are entitled to protection from men like the defendant. No contemporaneous objections were made. While the remarks of the district attorney may have been improper, they were not glaringly or tremendously so. With a background here of most convincing evidence of guilt, we have no hesitancy in applying the ordinary rule that contemporaneous objection should be made — and we apply it.

## III.

We find the remaining assignments of error without merit. Judgment affirmed.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. Cross-examination is the engine of truth and should not be unjustifiably curtailed. Defense counsel posed a proper question which was based upon investigation and could have impeached the witness. By sustaining the district attorney's objection to the question, the trial court invaded defense counsel's right to cross-examine the key adverse witness and committed reversible error. *U.S. Const.* amends. VI and XIV. *See Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). Consequently, the judgment of conviction should be reversed, and the defendant should be granted a new trial.

The *ABA Standards Relating to The Defense Function* do not authorize limitation of the right to cross-examine under the circumstances of this case. Section 7.6(d) provides that "[i]t is unprofessional conduct to ask a question which implies the existence of a factual predicate which the examiner cannot support by evidence." *ABA Standards Relating to The Defense Function.* The accompanying commentary points out that the standard was designed to prevent counsel from communicating "impressions by innuendo." Questioning on cross-examination can be limited pursuant to the standard "when the questioner has no evidence to support the innuendo." Contrary to the interpretation placed on Section 7.6(d) by the majority opinion, the standard permits cross-examination even when a weak foundation has been established and does not impose a strict requirement that counsel be prepared to substantiate beyond cavil that the credibility of the witness is flawed and subject to attack.

Sound case law developed in other jurisdictions buttresses this reading of Section 7.6(d). In *Hazel v. United States,* 319 A.2d 136 (D.C. App. 1974), the court held that "[t]his standard . . . obviously applies to the extreme situations where counsel well knows his assumed factual predicate is either false and thus incapable of proof or true and incapable of proof, because of an order of suppression of evidence or other impossibility." In other words, the standard is not actuated unless the question posed by counsel is "totally groundless." *White v. United States,* 297 A.2d 766 (D.C. App. 1972). *See United States v. Pugh,* 436 F.2d 222 (D.C. Cir. 1970).

In the case under review, defense counsel did relate an

adequate foundation. Because he did not come within the operation of the standard, the trial court erred by sustaining the district attorney's objection. During the hearing which the court conducted outside the presence of the jury, defense counsel indicated that he had reason to believe that in California the prosecutrix had entered a complaint resembling the one lodged in the instant case. Moreover, counsel provided the court with the approximate date of the event and the complaint, as well as the location of the office which was supervising the investigation.

Clearly, then, counsel established a proper foundation for the question, and the trial judge erroneously terminated cross-examination. It must be pointed out that the trial judge has the duty to protect a witness from harassment and humiliation, and in furtherance of that obligation, should exercise discretion and restrict the latitude of cross-examixnation in a proper case. However, such a restriction was not in order in this case. A trial judge is not empowered to protect a witness from being discredited to buttress the prosecution's case.