**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

**v.**

**Michael Lamar SHEPERD, Defendant-Appellant.**

**No. 75–230.**

Colorado Court of Appeals, Div. II.

Feb. 13, 1976.

Certiorari Denied July 6, 1976.

John D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, John R. Rodman, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Rollie R. Rogers, Colo. State Public Defender, Robert B. Emerson, Deputy State Public Defender, Grand Junction, for defendant-appellant.

RULAND, Judge.

Defendant, Michael Sheperd, appeals from his conviction by a jury of rape and deviate sexual intercourse by force. We remand the case for additional proceedings.

Insofar as pertinent here, the People's case was based principally upon the testimony of the complaining witness to the effect that defendant compelled her to submit through force and threats with a knife. Defendant testified that the witness consented in all respects and that no force or threats were involved. Defendant contends that the trial court erred in failing to grant a mistrial and in limiting cross-examination of the complaining witness.

### I.

During cross-examination of the defendant, an objection was interposed by defense counsel before the district attorney was able to complete the following question:

"You didn't go turn yourself into the police to try and straighten the situation—"

The objection was sustained, but defendant contends that the trial court erred in denying his motion for a mistrial made thereafter. We conclude that the trial court's ruling was correct.

The People concede that the right of an accused to remain silent exists prior to arrest and that thus the prosecutor is generally foreclosed from alluding to the exercise of that right in questions propounded to the defendant. However, they urge that the question was proper as an attempt to impeach the defendant's testimony regarding his efforts to locate the complaining witness after the incident to "get the thing straightened out." We disagree. Silence, in the form of failing to appear voluntarily before the police and give a statement, prior to being arrested, is of such lit-

tle probative value that it should not be introduced to impeach defendant's trial testimony as to his innocence. *See United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99. Conversely, since there was only one isolated reference to defendant's silence and absent a showing that the district attorney exploited this reference during closing argument, we do not consider the reference to silence as prejudicial. *See People v. Key*, Colo., 522 P.2d 719; *People v. Henson*, 183 Colo. 386, 517 P.2d 388.

Contrary to defendant's contention, the fact that this case turned chiefly upon the issue of the credibility of the complaining witness and the defendant does not require that we reach a result contrary to the holdings of the cases cited above. *See Johnson v. People*, 172 Colo. 406, 473 P.2d 974. Thus, we affirm the trial court's ruling.

## II.

In a hearing just prior to trial, defense counsel requested permission to cross-examine the complaining witness relative to a police report containing her accusations of sexual assault by another man. The report covered an incident which allegedly occurred approximately 13 months before the incident at issue here. In the report the witness advised the investigating officer that the man there involved had forced her to submit to certain indecent acts, although rape had not occurred.

In support of this request, defense counsel advised the court that the accused in the earlier incident had just been located and would appear and testify that the accusations in the report were false. The district attorney opposed the request because no opportunity was then available to investigate the incident further and because he understood the accused might have "mental problems" apparently affecting his credibility. He also urged that such cross-examination was not relevant to the defense of consent.

Lacking Colorado precedent on this issue, the trial court followed the rule applied in some jurisdictions which precludes this type of cross-examination as irrelevant to the charges against the defendant. *See* Annot., 75 A.L.R.2d 508.

While this case was pending on appeal, the decision in *People v. Simbolo*, Colo., 532 P.2d 962, was issued. The defendant there was convicted of second degree kidnapping, statutory rape, and joy riding. On appeal, defendant complained of the trial court's refusal to permit cross-examination of the victim concerning a prior accusation against another individual "for the same kind of sexual contacts." The trial court was not advised as to the source of counsel's information or whether the prior accusation was false. Our Supreme Court confirmed that:

> "[W]ide latitude should be allowed in the cross-examination of a prosecuting witness in a rape case, and . . . evidence of prior false accusations may be admitted as affecting the credibility of the prosecutrix."

The Court found it unnecessary to determine whether counsel must support by other available evidence the inferences arising from such cross-examination. Rather for purposes of that case, the Court merely determined that prior to such cross-examination, counsel must be "possessed of *quantum sufficit* to make the question not unfair and not unsupportable in some manner" and to advise the trial court relative thereto in chambers prior to cross-examination. Defense counsel having failed to demonstrate the requisite foundation in that case, the trial court's ruling was affirmed.[1]

*Simbolo* dictates that cross-examination of the complaining witness regarding the earlier accusation must be allowed if the contention that the accusation was false is supportable. Hence, we remand this case to the trial court for a hearing to

1. In cases arising under the present sexual assault statutes, the admission of evidence regarding prior "sexual conduct" of a complaining witness is governed by § 18–3–407, C.R.S. 1973 (1975 Supp.).

determine whether there is sufficient support for the contention that the prior accusation is false.

If the complaining witness admits the falsity of the report, *see People v. Hurlburt*, 166 Cal.App.2d 334, 333 P.2d 82, then the judgment is reversed and the trial court shall order a new trial. If, on the other hand, the witness asserts that the accusation is true, then, under the circumstances of this case, the defense must support its position that the prior accusation was false by other available evidence as, *e. g.*, the testimony of the accused. Otherwise, cross-examination at a new trial relative to the prior accusation would only present defendant with an opportunity to raise the unfair innuendoes which the Court considered improper in *Simbolo*. Moreover, the People should be afforded an opportunity to show the truth of the accusation. In the event there is no support for the contention that the prior accusation is false, then the judgment of conviction shall stand affirmed subject to the defendant's right to appeal the trial court's ruling on this issue. *See People v. Noreen*, 181 Colo. 327, 509 P.2d 313.

COYTE and STERNBERG, JJ., concur.