Bennie J. WOODS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–497.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1983.

 

Richard W. Lock and Joe Moss, Jay, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Criminal Appellate Division, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted in the District Court of Delaware County of Incest, and sentenced to ten (10) years' imprisonment.

After a careful review of the record and briefs of the parties, we are of the opinion that the judgment and sentence must be reversed. We need only address the key issue on appeal; *i.e.,* that the trial court improperly limited the defense's cross-examination of the prosecutrix. The defense was foreclosed from showing the existence of her possible motive and bias in testifying.

■ The exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39

L.Ed.2d 347 (1974). In *Davis* the Supreme Court wrote, supra at 316, 94 S.Ct. at 1110:

> Cross-examination is the principle means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, *i.e.,* discredit the witness.... A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is "always relevant as discrediting the witness and affecting the weight of his testimony." (Citations omitted.)

The defense sought to discredit the fifteen-year-old prosecutrix's testimony in his offer of proof to establish that her motive for filing the complaint was to punish her father for refusing to give her consent to marry her twenty-four-year-old fiance, and to retaliate for her father's threats to have her fiance arrested for statutory rape. Defense counsel attempted to elicit on cross-examination that she had on prior occasions made allegations that she had been either sexually molested or had had intercourse with certain family members, and that each time her accusations had been provoked by, or were in retaliation to, threats to have her fiance arrested. We are of the opinion that inquiry into this area was relevant to impeach the prosecutrix's credibility by showing a motive or propensity to lie.

Impeachment of the prosecutrix was paramount to the defense's case; especially since the prosecutrix's uncorroborated testimony was the only evidence the State presented. We must therefore hold that

the appellant was denied the right of effective cross-examination.[1]

Inquiry into the fact that prior similar claims had been made by the prosecutrix has previously been held to be a proper subject of cross-examination. See *Dawes v. State,* 34 Okl.Cr. 225, 246 P. 482 (1926). Other jurisdictions, too, have held that the defense may show either through direct or cross-examination that the complaining witness has made prior accusations of a similar nature to the offense charged which were later found to be false. *People v. Hurlburt,* 166 Cal.App.2d 334, 333 P.2d 82, 75 A.L.R.2d 500 (1958); *People v. Simbolo,* 188 Colo. 49, 532 P.2d 962 (1975); *People v. Sheperd,* 37 Colo.App. 336, 551 P.2d 210 (1976); *People v. McClure,* 42 Ill.App.3d 952, 1 Ill.Dec. 617, 356 N.E.2d 899 (1976); *Little v. State,* 413 N.E.2d 639 (Ind.App.1980); *People v. Wilson,* 170 Mich. 669, 137 N.W. 92 (1912); *People v. Evans,* 72 Mich. 367, 40 N.W. 473 (1888); *State v. Warner,* 79 Utah 510, 13 P.2d 317 (1932).

■ Use of specific instances of a witness's conduct for impeachment purposes is governed by several sections of the Evidence Code. In pertinent part, 12 O.S.1981, § 2404(B), provides that evidence of other acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive. Under § 2608(B), of the same title, specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than by conviction of crime, may not be proven by extrinsic evidence. They may, however, within the trial court's discretion, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness if they concern his or her character for truthfulness or untruthfulness.

Additionally, 12 O.S.1981, § 2611(A), imposes on the trial court the duty to protect witnesses from harassment or undue embarassment. Therefore, with respect to the use of prior accusations made by the prosecutrix of a similar nature to the offense charged, the defense counsel should show to the trial court, in camera, that he has a sufficient quantum of proof providing a reasonable basis for the proposed line of interrogation. At that time the State should be afforded the opportunity to show that the prior accusations are true. If the defense cannot offer to the court facts in reasonable support of the falsity of prior accusations, then they have no probative value for impeachment purposes and should not be allowed as a subject on cross-examination. This is to protect the complaining witness against the defense's raising of unfair innuendoes as well as to insure relevancy. See similar procedures outlined in *People v. Sheperd,* supra.

■ In reversing this case, we reiterate that inquiry is limited to impeachment of the complaining witness to the extent that it shows motive or bias, and not for the purpose to show bad moral character. Furthermore, counsel is limited under § 2608(B), supra, in that if the witness denies the impeaching conduct, counsel is bound by the answer given and may not offer extrinsic evidence to contradict the witness.

The judgment and sentence is REVERSED and REMANDED for a new trial consistent with the findings of this opinion.

BUSSEY, Judge, dissents:

I must respectfully dissent. While it is true that the court rejected the offer of proof of the defendant, it is equally true that the trial court allowed defense counsel great latitude in cross-examining the prose-

1. In so holding, we note that 22 O.S.1981, § 750, does not govern. That section makes evidence of the complaining witness's previous sexual conduct with persons other than the accused, or not in the presence of the accused, inadmissible to prove consent in rape cases. The issue of consent and the purpose of estab-

lishing motive or bias to falsify are distinct. Contra, *Cameron v. State,* 561 P.2d 118 (Okl. Cr.1977) (where 22 O.S.Supp.1975, § 750, was held in a rape case to preclude testimony regarding prior sexual conduct of prosecutrix which the defense argued would establish her motive or bias in testifying).

 

cuting witness. By way of illustration, the following questions were propounded and answers received:

Q. Cindy, have you ever had occasion to complain to anyone else or to anyone about anyone else sexually attacking you?
A. (Witness nods head)
THE COURT: You will have to speak up, Cindy.
A. No.
Q. No is the answer.
THE COURT: The jury can't hear you. I'm sorry.
MR. LOCK: 'No,' was the answer I believe, Your Honor.
A. No.
Q. Correct, Cindy? Do you have an uncle by the name Abe Eslick?
A. Yes.
Q. Did you ever complain that he tried to rape you?
A. No. (Tr. 30)

* * * * * *

Q. Did you go to parties where they participated in drinking, drugs and group sex?
A. No.
Q. Well, isn't it true that you came home and told your father that you had been to an orgy?
A. Do I have to answer that?
THE COURT: Yes.
A. Yes.
Q. Did you tell him that you had taken on five different boys, didn't you?
A. Not five.
Q. How many?
A. Close but not five.
Q. Close.
MR. LOCK: No further questions. (Tr. 44)

* * * * * *

Q. Isn't it true, Cindy, that you told them on the telephone that this didn't happen, that you were telling it just so you could get free and go off with this boy?
A. No, sir, it isn't.
Q. Isn't it true that you even told your own sister that?

A. No, it isn't.
Q. You did have a conversation though with your sister, Lorita, didn't you?
A. Yes. (Tr. 57).

Further, in his closing argument the defense attorney was allowed wide latitude as he stated: "... [E]verytime she gets into some kind of trouble she accuses somebody of rape, she says she's pregnant by somebody...." (Tr. 73). "Later on here she is, she has run away from home with a 24 year old boy, the police are out looking for her, she gets caught, she is brought back home and what's the next thing that happened, Bennie Woods get accused of sleeping with her two years later or a year later." (Tr. 74 & 75).

It thus appears to me that counsel for the defense was given ample opportunity to question the witness on issues bearing on her motive for testifying, and arguing them to the jury in his closing argument. I would affirm the conviction.

BRETT, P.J., concurs.

BUSSEY, J., dissents.