Larry Lee **WALKER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–88–850.

Court of Criminal Appeals of Oklahoma.

Nov. 4, 1992.

James Thornley, Atoka, Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Joe Field, Asst. Dist. Atty., Atoka, Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Appellant, Larry Walker, was charged by information with three counts of First Degree Rape (21 O.S.1981, § 1114) After Former Conviction of One Felony in Case

No. CRF–87–100 in the District Court of Atoka County. A jury trial was held before the Honorable H.F. Followell, Associate District Judge on February 18, 1988. The jury returned a verdict of guilty and recommended punishment at thirty (30) years on each count. The trial court sentenced appellant to thirty (30) years on count one and thirty (30) years with twenty (20) suspended on counts two and three.

The State alleged in this case that appellant on numerous occasions raped L.C., a minor. While living with her natural father, L.C. informed him that she had been raped by Larry Walker. At the time of the alleged incidents, appellant was married to L.C.'s mother, Jeanette Walker. Soon after L.C. told her father of the alleged rapes, he took her to the Department of human services to see Social Worker Pat Joins and Gynecologist Devi Sureddi. Dr. Sureddi's examination of L.C. revealed that her hymen had been torn. Further account of the facts will be revealed as they become relevant.

■ Because this case is fraught with error, we reverse. Appellant first contends that the trial court erred in preventing the defense from cross examining L.C. about her prior allegations of rape. We agree.

Before claiming appellant raped her, L.C. had accused two of her mother's prior boyfriends of raping her. However, L.C. testified on direct examination that before appellant allegedly raped her, she was a virgin. Thus, L.C. either made false accusations against the other two men or perjured herself on direct examination. The defense strategy was to impeach L.C.'s credibility regarding this inconsistency through cross examination. However the trial judge refused to allow the defense to question L.C. along these lines.

Cross examining a witness is the primary method through which the credibility and veracity of a witness are examined. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). In the case at bar, the trial judge's refusal to allow inquiry into the relevant area denied appellant of his sixth amendment right to confront the State's witnesses. *Woods v. State,* 657 P.2d 180 (Okl.Cr.1983).

In *Woods,* this Court reversed the appellant's conviction because the trial judge refused to allow the defense to attempt to elicit testimony from the prosecutrix that she had on prior occasions made allegations that certain family members had molested or had sexual intercourse with her. This Court held that a defendant may inquire about the prosecutrix's previous accusations of rape or molestation in order to impeach her credibility. *Woods,* 657 P.2d at 181. *See also Dawes v. State,* 34 Okl.Cr. 225, 246 P. 482 (1926).

■ Thus, if the defense desires to use prior accusations made by a prosecutrix of a similar nature to the offense charged, defense counsel should follow certain guidelines adopted by this Court in *Woods.* First, he should show the trial court, in camera, that he has sufficient facts to provide a reasonable basis for the proposed line of questioning. *Woods,* 657 P.2d at 182. The State then should be allowed to show that the prior allegations were true. *Id.* If the defense can offer no proof reasonably supporting the falsity of the prior convictions, then they have no probative value and the trial judge should exclude them from cross examination. *Id.*

In the case before us, defense counsel had a reasonable basis to conduct his planned inquiry. He was aware of L.C.'s prior accusations. At trial, L.C. testified that she had never had sexual relations before being raped by appellant. Furthermore, the State could offer no evidence tending to show that the prior accusations were true because the prosecutrix had just testified that she was sexually illiterate before appellant allegedly raped her. Thus, the trial judge committed reversible error by failing to allow inquiry into the relevant area.

In so holding, we note that the prosecutrix's mother, Jeanette Walker, testified later in the trial that L.C. had previously accused two of Ms. Walker's former boyfriends of raping her. However, Ms. Walker was called as a defense witness and testified much later in the trial. Therefore,

her testimony would not carry the same weight as an effective cross examination of the prosecutrix would. Further, the error here concerns the denial of the constitutional right of confrontation, that a defendant must be allowed the right to impeach the credibility of a State's witness *through cross examination. Davis,* supra. Professor Wigmore has aptly stated the importance of effective cross examination. He writes:

> The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross examination. The opponent demands confrontation, not for the idle purpose of gazing upon the witness, or of being gazed upon by him, but for the purpose of cross examination, which can not be had except by the direct and personal putting of questions and obtaining *immediate* answers.

5 J. Wigmore, Evidence § 1395, p. 123 (3d ed. 1940) (emphasis added), *quoted in Davis v. Alaska,* 415 U.S. at 315–316, 94 S.Ct. at 1110.

Therefore, we hold that the trial court committed reversible error by denying appellant his sixth amendment right to confront the State's witnesses. However, we will address appellant's other assignments of error because the same issues are likely to resurface in the new trial.

In his second proposition of error, appellant claims that the trial court erred by admitting evidence of other crimes and bad acts. First, appellant maintains that the trial judge should have sustained his objection to the prosecution's effort to elicit testimony from L.C. that appellant had burned her sticker collection. This evidence was admitted on the grounds that it was offered to support L.C.'s credibility. We fail to see how such testimony could support her credibility. Instead the evidence served to steer the jury's attention away from the issues on trial.

■ Generally, when a defendant is put on trial, he is to be convicted, if at all, by evidence which shows him guilty of the crime charged. *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979) (reversed in part on other grounds). Additionally, proof that the defendant is guilty of other offenses not connected with that for which defendant is on trial must be excluded. *Mitchell v. State,* 659 P.2d 366 (Okl.Cr.1983); *Blackwell v. State,* 663 P.2d 12 (Okl.Cr.1983). We have held that an act not related to the charged offense need not constitute a violation of the criminal law for that act to be protected by *Burks* for admissibility under 12 O.S. 1981, § 2404(B).[1] *Freeman v. State,* 767 P.2d 1354 (Okl.Cr.1988).

The State counters by suggesting that the evidence was probative of appellant's character. The State submits that Jeanette Walker had testified to appellant's good character. Once that subject was opened, evidence rebutting this testimony was admissible under 12 O.S.1981, § 2404(A)(1).[2]

This argument fails for two reasons. First, the testimony that appellant burned L.C.'s sticker collection was elicited before Jeanette Walker took the stand. Therefore, appellant's character could not have been in issue at the time of the damaging testimony.

Second, after a thorough review of the record, we fail to see that Jeanette Walker ever testified to appellant's good character. Therefore, any evidence concerning appellant's character should have been excluded. Otherwise, defendants would be tried based on their purity of character rather than their guilt or innocence of the crime charged. *Freeman v. State,* 767 P.2d 1354 (Okl.Cr.1988); *United States v. Senak,* 527 F.2d 129 (7th Cir.1975), *cert. denied* 425 U.S. 907, 96 S.Ct. 1500, 47 L.Ed.2d 758 (1976). Here, introducing evidence of the burning of L.C.'s sticker collection served to divert the jury's attention from relevant issues at trial and could only have preju-

---

**1.** Section 2404(B) provides:
   Evidence of other crimes *or acts* is not admissible to prove the character of a person in order to show that he acted in conformity therewith.... (emphasis added).

**2.** That section provides:
   Evidence of a pertinent trait of [a person's] character offered by an accused or by the prosecution to rebut the same [may be admitted].

diced the jury against appellant. For these reasons, the trial court erred in failing to sustain appellant's objection to the introduction of evidence of his character.

 Similarly, appellant contends that error occurred when the State was allowed to ask Jeanette Walker whether appellant had ever slapped L.C. The trial judge overruled appellant's objection and stated that the evidence served to impeach Ms. Walker's credibility. The trial judge did not specify, nor do we see how the comment concerned the credibility of the witness. Additionally, this question, which was asked on cross examination, was outside the scope of direct. Jeanette Walker never testified on direct about appellant's character. Thus, the question served only to focus the jury's attention away from the guilt or innocence of the accused and towards proving that appellant acted in conformity with his character. Therefore, we agree with appellant that the trial court erred in allowing inquiry into this area. *Freeman v. State*, 767 P.2d 1354 (Okl.Cr. 1988); *Wilkett v. State*, 674 P.2d 573 (Okl. Cr.1984).

 Next appellant contends that the prosecutor repeatedly engaged in misconduct during closing argument. Specifically, he alleges that he was prejudiced by repeated statements regarding the value of punishment to deter other potential offenders. The trial judge properly sustained appellant's objection to the first instance that the prosecutor made such a statement. However, the court failed to sustain appellant's objection to a second comment by the prosecutor later in closing argument. Finally, the prosecutor concluded his argument by urging the jury to "assess punishment of a 100 years for each count. The punishment will be, will be, a stop sign to crime." (Tr. 243). Appellant again objected to the comment and the court admonished the jury to consider only appellant in determining punishment. Therefore, error was cured as to most of these statements. However, the trial judge did improperly allow one statement which stressed the jury's role as protector of the community. This court has repeatedly condemned such comments. *Tucker v. State*, 620 P.2d 1314 (Okl.Cr.1980); *Hager v. State*, 612 P.2d 1369 (Okl.Cr.1980). Here, the improper comments, standing alone, cannot be said to have inflated the jury's sentence. We address this issue only to inform trial counsel that such statements will not be tolerated in the new trial.

It is for the aforementioned reasons that this case must be REVERSED and REMANDED for a NEW TRIAL.

LANE, P.J., and BRETT and JOHNSON, JJ., concur.

LUMPKIN, V.P.J., concurs in results.